UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CORTEMANCHE, | No. 2:12-cv-2788 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| B. MERRIWEATHER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  On April 3, 2014 defendants filed a motion for summary judgment.  ECF No. 18.  When plaintiff initially failed to respond to the motion after more than thirty days, the court allowed an additional thirty days and cautioned the plaintiff that failure to oppose the motion may be deemed a waiver of opposition to the motion and would result in defendants' asserted facts being deemed undisputed for purposes of resolving the motion.  ECF No. 21.  On June 5, 2014, plaintiff requested a thirty-day extension of time, ECF No. 22, which the court granted by order dated June 13, 2014, ECF No. 23.  More than six months passed and plaintiff did not file an opposition.  Nevertheless, by order dated January 26, 2015, the court granted plaintiff one final opportunity to oppose defendants' motion for summary judgment and warned plaintiff that failure to respond within twenty-one days from the date of the order would result in a dismissal of plaintiff's case for failure to prosecute pursuant to Federal Rule of Civil

1

1  Procedure 41(b).  ECF No. 24.

2      On February 9, 2015, plaintiff filed a notice of change of address with the court.  ECF No.
3  25.  Accordingly, on February 11, 2015, the court's January 26, 2015 order was re-served on
4  plaintiff at his updated address.  It has now been more than twenty-one days since plaintiff was
5  re-served with the court's January 26, 2015 order.  Plaintiff has once again failed to respond.

6      Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action
7  for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to
8  comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,
9  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte
10 to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest
11 Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant
12 to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply
13 with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260
14 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
15 an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639,
16 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when
17 habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.
18 See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any
19 order of the Court may be grounds for imposition by the Court of any and all sanctions authorized
20 by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing
21 that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local
22 Rules, and other applicable law may support, among other things, dismissal of that party's
23 action).

24     A court must weigh five factors in determining whether to dismiss a case for failure to
25 prosecute, failure to comply with a court order, or failure to comply with a district court's local
26 rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

27 ////

28 ////

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiff's failure to respond to defendants' motion for summary judgment as well as his lack of response to this court's January 26, 2015 order despite clear warnings of the consequences for such failures, strongly suggest that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, should be given some weight.  See Ferdik, 963 F.2d at 1262.  Based on plaintiff's numerous failures to respond, defendants have expended considerable resources in not only answering the complaint, but also in filing a motion for summary judgment.  At a minimum, defendants have been prevented from attempting to resolve this case on the merits by plaintiffs' unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action.  As noted above, the court has actually pursued remedies that are less

drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, 488 U.S. 819 (1988).  The court excused plaintiff's initial failure to oppose defendants' summary judgment motion, granted plaintiff's subsequent request for an extension of time, and granted plaintiff an opportunity to explain his failure to prosecute the instant civil action.  Moreover, the court warned plaintiff in clear terms that his failure to file an opposition would result in a recommendation that his action be dismissed.  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  Having failed to receive a response from plaintiff, the court finds no suitable alternative to a recommendation for dismissal of this action.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that the Clerk assign a district judge to this matter.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 4(m) and Local Rules 110 and 183(a).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

1  after being served with these findings and recommendations, any party may file written
2  objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings
3  and Recommendations." **Due to exigencies in the court's calendar, no extensions of time will**
4  **be granted.**  A copy of any objections filed with the court shall also be served on all parties.  The
5  parties are advised that failure to file objections within the specified time may waive the right to
6  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  DATED: March 6, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE